{¶ 43} I concur with the majority as to the disposition of this case.
 {¶ 44} I concur with the majority as to the analysis of the first and third assignments of error, but would analyze the second assignment of error differently. I would find that mother's work history and drug treatment history are relevant considerations in the best interest portion of the hearing even if whether or not mother has completed her case plan is not relevant.
 {¶ 45} Therefore, I would find that it was error for the trial court to limit this evidence. However, in the case sub judice, it is impossible to tell if said errors were prejudicial because counsel did not proffer the testimony of Richard Chenevey or of the mother that counsel had wanted to elicit.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.